UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WESTERN DIVISION CASE NO.3:15-cv-30209

RODNEY A. MACDONALD, Plaintiff

v.

GLOCK, INC., BUFFALO BORE AMMUNITION, INC., GUNS and GEAR, LLC, CABELA'S WHOLESALE, INC., and CABELA'S, Defendants.

***PLAINTIFF'S ASSENTED TO MOTION TO DISMISS NON-DIVERSE DEFENDANT PURSUANT TO FED. R. Civ. P. 41(a)(2)***

NOW COMES the Plaintiff, Rodney A. MacDonald, and does hereby move this Honorable Court to dismiss, without prejudice, the complaint only in so far as it relates to the Defendant, Guns and Gear, LLC, pursuant to Fed. R. Civ. P. 41(a)(2).

Rule 41(a)(2) of the Federal Rules of Civil Procedure states, in pertinent part:

> (2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The Plaintiff requests that the Court dismiss the complaint against Guns and Gear, LLC because this Defendant's presence destroys diversity jurisdiction before this Court.

Specifically, 28 U.S.C. §1332(a) requires that the Plaintiff and each defendant be of diverse citizenship.[1] Guns and Gear, LLC, an entity of Massachusetts, was added to this action by way of an amended complaint. The effect on diversity was not intended. Since diversity is incomplete with the presence of Guns and Gear, LLC, the Plaintiff elects to drop Guns and Gear, LLC from this action so as to maintain the action in this Court as against the remaining Defendants. See, e.g., Falken Industries, LTD. V. Johansen, 360 F. Supp. 2d 208 (2005).

[1] "a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
(1)
citizens of different States;
(2)
citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
(3)
citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4)
a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States."

The complaint in this action was filed by the Plaintiff on November 25, 2015, and an amended complaint was filed on March 8, 2016. There has been minimal activity in this case aside from the filing of pleadings. For example, as of June 2, 2016, no discovery has been conducted.

The Defendant Guns and Gear, LLC has cross-claimed against each of the Defendants Buffalo Bore Ammunition, Inc., Cabela's, Cabela's Wholesale, Inc., and Glock, Inc. The Defendant Glock, Inc., has asserted a cross-claim against Guns and Gear, LLC and the other Defendants.

Significantly, no counterclaims have been asserted against the Plaintiff. Therefore, there is no bar to a voluntary, court-ordered dismissal under Fed. R. Civ. P. 41(a)(2). See Ankiewicz v. Kinder, 408 Mass. 792 (1990) (Discussing the cognate rule under the Massachusetts Rules of Civil Procedure[2]

---

[2] Mass. R. Civ. P. 41(a) (2) reads, in pertinent part:

> Except as provided in paragraph (1) of this subdivision (a), an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

and finding that a third-party claim does not remove a judge's discretion to dismiss.)

WHEREFORE, in light of the foregoing, the Plaintiff moves this Court to dismiss only the complaint against the Defendant Guns and Gear, LLC, and that such dismissal be without prejudice.

Respectfully Submitted,

THE PLAINTIFF

BY: /s/ Thomas John Rooke
THOMAS JOHN ROOKE, ESQ.
73 Chestnut Street
Springfield, MA 01103
Ph: 413-731-9000
Fx: 413-731-1302
tjrlaw@verizon.net
BBO#: 549087

ASSENTED TO:

THE DEFENDANT,
GLOCK, INC.

/s/ Patricia A. Hartnett
PATRICIA A. HARTNETT, ESQ.
Cornell & Gollub
75 Federal Street
Boston, MA 02110
Ph: 617-482-8100
Fx: 617-482-3917
phartnett@cornellgollub.com
BBO#: 568206

THE DEFENDANT,
BUFFALO BORE AMMUNITION, INC.

/s/Eric B. Hogberg
ERIC B. HOGBERG, ESQ.
Boyle Shaughnessy & Campo, PC
695 Atlantic Ave., 11th Flr.
Boston, MA 02111
Ph: 617-451-2000
Fx: 617-451-5775
ehogberg@bsctrialattorneys.com
BBO#: 684242

THE DEFENDANT,
GUNS AND GEAR, LLC

/s/Jordan S. O'Donnell___
JORDAN S. O'DONNELL, ESQ.
Morrison Mahoney, LLP
250 Summer Street
Boston, MA 02210
Ph: 617-439-7500
Fx: 617-482-3917
jodonnell@morrisonmahoney.com
BBO#:

THE DEFENDANT,
CABELA'S WHOLESALE, INC.
& CABELA'S

/s/Eric B. Hogberg___________
ERIC B. HOGBERG, ESQ.
Boyle Shaughnessy & Campo, PC
695 Atlantic Ave., 11th Flr.
Boston, MA 02111
Ph: 617-451-2000
Fx: 617-451-5775
ehogberg@bsctrialattorneys.com
BBO#: 684242

Date: June 9, 2016

## Certificate of Service

I, Thomas John Rooke, do hereby certify that the foregoing was served on the Defendants via the Electronic Filing System on June 9, 2016.

/s/ Thomas John Rooke_
THOMAS JOHN ROOKE